FILED
United States Court of Appeals
Tenth Circuit

April 13, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

THURMAN HARVEY HINES,

    Plaintiff-Appellant,

v.

EUGENIA SHERRON, Law Library
Supervisor, JDCC; WILL R.
THOMASON, Lt. and Contraband
Officer, JDCC; TERESA ALEXANDER,
Unit Manager, JDCC; TERRY MARTIN,
Deputy Warden, JDCC,

    Defendants-Appellees.

No. 09-6085
(D.C. No. 5:07-CV-00197-R)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **KELLY, BRISCOE,** and **HOLMES**, Circuit Judges.

Plaintiff-Appellant Thurman Harvey Hines, appearing pro se,[1] appeals from the

---

[*]     This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

    After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]     Because Mr. Hines is proceeding pro se, we review his pleadings and filings
(continued...)

district court's order dismissing his civil rights complaint. He also seeks leave to proceed on appeal *in forma pauperis*. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **AFFIRM** the district court's decision to dismiss the amended complaint without prejudice for failure to exhaust administrative remedies. We **DENY** Mr. Hines's motion to proceed *in forma pauperis*.

## I. BACKGROUND

On February 15, 2007, Mr. Hines, a state prisoner, filed a pro se complaint against forty-two defendants, including various judges of the Oklahoma County District Court and the Oklahoma Court of Criminal Appeals, various prosecutors and defense attorneys, several police officers, five officials at the Jess Dunn Correctional Center ("JDCC"), and various state agencies, alleging violations of his constitutional rights arising from his arrest, detention, prosecution, conviction, sentencing, and post-conviction proceedings in two state cases. However, the district court dismissed his 42 U.S.C. § 1983 claims against all defendants for various reasons "with the exception of Plaintiff's § 1983 claims against Jess Dunn Correctional Center officials for denial of access to the courts and for retaliation for the exercise of the right to access to the courts" because it "appear[ed] that Plaintiff may be able to adequately allege § 1983 claims against JDCC officials." R. at 225–26, 229 (Dist. Ct. Order, dated Oct. 17, 2007). The district court gave Mr. Hines the

---

[1](...continued)
liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Merryfield v. Jordan*, 584 F.3d 923, 924 n.1 (10th Cir. 2009).

opportunity to file an amended complaint "succinctly and properly alleging his § 1983 claims against the JDCC Officials for denial of access to the courts and for retaliation for the exercise of the right to access the courts, only." *Id.* at 229.

On December 4, 2007, Mr. Hines filed his amended complaint pursuant to § 1983 against the JDCC officials for events that allegedly occurred during his incarceration at JDCC between August 2006 and March 2007. In a single count, Mr. Hines alleged that the defendants, Law Library Supervisor Eugenia Sherron, Officer Will R. Thompson, Unit Manager Teresa Alexander, and Deputy Warden Terry Martin, violated his First Amendment right to access the courts and retaliated against him for exercising his constitutional right to access the courts. Mr. Hines's amended complaint also contained facts that he contended established his § 1983 claim.

The district court referred the case to a magistrate judge. The judge directed the Oklahoma Department of Corrections ("DOC") to file a Special Report in compliance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (per curiam).[2] The defendants subsequently filed a motion to dismiss, alleging that Mr. Hines had failed to exhaust his administrative remedies for the claim in his amended complaint as required by 42 U.S.C. § 1997e(a). In support of the motion to dismiss, the defendants relied upon

---

[2] *See Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992) ("In this circuit we allow a court authorized report and investigation by prison officials to determine whether a pro se prisoner's allegations have any factual or legal basis. These reports are referred to as *Martinez* reports.").

3

documentation contained within the Special Report.

The magistrate judge notified Mr. Hines that the defendants' motion to dismiss would be construed as one for summary judgment, and Mr. Hines filed a response to the motion. In a thorough Report and Recommendation, the magistrate judge recommended that the defendants' motion be granted and Mr. Hines's amended complaint be dismissed in its entirety for failure to exhaust administrative remedies. The magistrate judge discussed the evidence submitted by the defendants and concluded that "[t]he summary judgment evidence establishes that Plaintiff did not exhaust the administrative remedies available to him." R. at 592 (Report & Recommendation, dated Mar. 31, 2009). In response to defendants' evidence, Mr. Hines had not presented any evidence that he in fact had utilized the DOC administrative remedy procedure; instead, Mr. Hines had alleged that he was undergoing mental health treatment and that the DOC was preventing him from accessing his mental health record that he needed to show that he was incompetent to continue the litigation, and he also had alleged that "'several Requests to Staff' and 'a few grievances' were either '[i]ntercepted,' 'thrown in the trash,' or not answered." *Id.* at 593. Accordingly, concluding that Mr. Hines had failed to demonstrate the existence of a genuine issue of material fact with respect to the exhaustion of administrative remedies, the magistrate judge recommended that defendants' motion be granted.

Mr. Hines filed his objection to the Report and Recommendation, explaining that he had provided statements that certain prisoners and DOC officers would testify and

4

confirm that he had sent or attempted to send both grievances and requests to staff. He also asserted that he was unable to investigate and obtain affidavits in support of his claim that the defendants prevented exhaustion. Finally, Mr. Hines claimed that the district court had previously stated that Mr. Hines had "stated a claim supporting a[] First Amendment USCA VIOLATION," and that Mr. Hines had provided "Exhibits or documents, such as request to staffs [sic] and grievances to support his claims." *Id.* at 598 (Objection to Report and Recommendation, filed Apr. 8, 2009).

The district court found Mr. Hines's objection to be "without merit," explaining that it had reviewed its previous orders and had found no such statements regarding the merits or evidentiary support of Mr. Hines's claim and that it could not consider Mr. Hines's bald assertions about how others might testify as evidence. *Id.* at 602–03 (Dist. Ct. Order, filed Apr. 10, 2009). Consequently, the district court adopted the Report and Recommendation in its entirety, granting the defendants' motion and dismissing Mr. Hines's amended complaint. This appeal followed.

## II. DISCUSSION

For substantially the same reasons as set forth and endorsed by the district court, we agree that Mr. Hines's amended complaint should be dismissed for failure to exhaust administrative remedies. Dismissal for failure to exhaust administrative remedies is reviewed de novo. *Patel v. Fleming*, 415 F.3d 1105, 1108 (10th Cir. 2005). The Prison Litigation Reform Act ("PLRA") states in relevant part: "No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such

5

administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This section requires a prisoner to exhaust all of his administrative remedies prior to filing a lawsuit. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). A prisoner must timely exhaust each step of a prison system's grievance procedure in full compliance with the procedure's requirements—substantial compliance is not sufficient. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). "The statutory exhaustion requirement of § 1997e(a) is mandatory, and the district court [i]s not authorized to dispense with it." *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003) (per curiam). Any claim which was not properly exhausted in full compliance with the prison's grievance process is barred and should be dismissed. *Jernigan*, 304 F.3d at 1031–33.

The district court dismissed Mr. Hines's amended complaint on the grounds that he had failed to exhaust the DOC's grievance procedure. On appeal, Mr. Hines advances essentially three arguments. First, he argues that he was denied due process and equal protection because the magistrate judge and the district court considered inadmissible evidence, namely the *Martinez* report or Special Report. In this regard, Mr. Hines relies upon an Oklahoma statutory provision, Title 74, section 20g(C) of the Oklahoma Statutes. That provision states: "No findings or reports of the Attorney General or persons making inquiry under his direction *pursuant to the provisions of this section* shall be admissible as evidence in any such action or special proceeding and no reference thereto shall be made in any such trial or hearing." Okla. Stat. tit. 74, § 20g(C) (emphasis added). Putting aside

6

the question of whether such a state-law evidentiary bar could be binding upon a federal court adjudicating a civil rights action, Mr. Hines's reliance upon the evidentiary bar of section 20g(C) is fundamentally misguided. Under its plain terms, the statute pertains to an inquiry under the provisions of section 20g, and that section calls upon the Attorney General to conduct "an inquiry" to determine whether "the [sued] employee was acting in good faith and in the course of his employment"; if not, then "representation shall not be provided pursuant to this act." *Id.* § 20g(A). This area of inquiry is not the stuff of a *Martinez* report. *See, e.g., Martinez*, 570 F.2d at 320 (in summarizing the reporting requirement, noting that "the state prison administration, at a level where the facts can be adequately developed, first examines and considers the incident, circumstances, and conditions which gave rise to the asserted cause of action and develops a record before the court must proceed beyond the preliminary stages"). Therefore, Mr. Hines's reliance on section 20g(C), in arguing that the judicial consideration of the *Martinez* report here was improper, is completely misguided. More generally, it is well-established that, at the summary judgment phase, a *Martinez* report is treated like an affidavit; thus, it is not categorically excluded from the universe of admissible evidence and ordinarily, as here, will be considered by the magistrate judge and the district court. *See Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992); *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991).

Second, Mr. Hines argues that the defendants' counsel—from the attorney general's office—should not have been allowed to represent the defendants because the

7

defendants allegedly did not request this representation within fifteen days of receiving the amended complaint. Mr. Hines cites as support Title 74, section 20f of the Oklahoma Statutes. That statute provides, *inter alia*, that "it is the duty of the Attorney General" to "appear and defend the action or proceeding" brought against a state officer or employee "when [such representation is] requested in writing." Okla. Stat. tit. 74, § 20f(A). It further specifies that "[s]uch written request shall be made within fifteen (15) days after service of summons on the employee." *Id*. By its plain terms, however, this provision merely imposes an obligation upon state employees; it says nothing about what happens if state employees fail to comply with that obligation and, more specifically, does not indicate that the Attorney General will be barred from representing state employees if they fail to satisfy the fifteen-day deadline. In our view, it would be unreasonable to infer such a representational bar from statutory silence. Indeed, in the same statutory section, the Oklahoma legislature demonstrated that when it intends to preclude the Attorney General from representing state employees, it is fully able to say so. Specifically, the legislature provided: "The Attorney General . . . shall not represent a state employee if that employee did not perform a statutorily required duty and such duty is a basis of the civil action or special proceeding." *Id.* § 20f(B). Accordingly, we reject Mr. Hines's contention that the Attorney General was barred from representing the defendants because they allegedly failed to satisfy the fifteen-day deadline for requesting the Attorney General's representation.

Finally, Mr. Hines argues that a genuine issue of material fact did exist regarding

8

whether he exhausted his administrative remedies because Mr. Hines contends that he provided the district court with a list of witnesses who could testify at trial that he did comply with the exhaustion requirement. However, as the district court explained in its order dismissing the amended complaint, we cannot consider Mr. Hines's statements concerning how others may testify as *evidence* creating a genuine issue of material fact. After an independent review of the record, we conclude that Mr. Hines has failed to rebut the defendants' evidence that he did not exhaust his administrative remedies. In particular, Mr. Hines failed to present evidence that raised a genuine issue of material fact regarding his exhaustion of administrative remedies. Therefore, for substantially the same reasons as set forth and endorsed by the district court, we affirm the district court's grant of summary judgment and the dismissal of Mr. Hines's amended complaint.

Because we also agree with the district court's determination that Mr. Hines's current matter lacks a good faith basis, we deny leave to proceed *in forma pauperis*.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the dismissal without prejudice of Mr. Hines's amended complaint. His motion to proceed *in forma pauperis* is **DENIED**. This court has assessed partial payments on the appellate filing fee; given our denial of leave

9

to proceed *in forma pauperis*, Mr. Hines is directed to make immediate payment of the unpaid balance due.

Entered for the Court

Jerome A. Holmes
Circuit Judge

10