**UNITED STATES COURT OF APPEALS**

**July 8, 2010**

**TENTH CIRCUIT**

| | |
|---|---|
| KAT BAILOT, | |
| Plaintiff-Appellant, | No. 10-1102 |
| v. | (D. of Colo.) |
| STATE OF COLORADO; MACHOL & JOHANNES, LLC; and MARINER HEALTH CENTRAL, INC. in care of TBT ENTERPRISES INC. | (D.C. No. 1:10-CV-00174-ZLW) |
| Defendants-Appellees. | |

**ORDER AND JUDGMENT**[*]

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Kat Bailot[1] appeals from the district court's dismissal of her complaint for failure to comply with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure. The district court concluded her amended complaint failed to include "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and accordingly dismissed the complaint without prejudice. The court also denied Bailot's request to proceed in forma pauperis on appeal. Our jurisdiction arises under 28 U.S.C. § 1291.

Although the district court did not make explicit the source of its authority to dismiss Bailot's suit, it presumably did so under Rule 41(b) of the Federal Rules of Civil Procedure.[2] "[T]o be sure, a failure to satisfy Rule 8 can supply a

---

[1] Bailot is proceeding pro se, and therefore we construe her pleadings liberally, holding them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "we do not assume the role of advocate," and pro se status does not excuse a failure to comply with the Federal Rules of Civil Procedure. *Merryfield v. Jordan*, 584 F.3d 923, 924 n.1 (10th Cir. 2009).

[2] The court also could have dismissed the case pursuant to 28 U.S.C. § 1915, which governs proceedings in forma pauperis. The district court granted Bailot permission to proceed in forma pauperis, and therefore was required to dismiss the case if it determined that the complaint "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The defendants also filed a motion to dismiss for failure to state a claim upon which relief can be granted, under Rule 12(b)(6). The district court did not explicitly rule on that motion; it dismissed the action without mentioning the motion.

Notably, all three potential sources of authority to dismiss the suit—Rule 41(b), 28 U.S.C. § 1915, and Rule 12(b)(6)—rely on the same standard: whether

(continued...)

basis for dismissal: Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the text of Rule 41(b) requires a defendant's motion to dismiss, "the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"We review dismissals under Rule 41(b) for abuse of discretion." *Nasious*, 492 F.3d at 1161. This deferential standard of review is especially appropriate when, as here, the case is dismissed without prejudice. *Id.* at 1162.

The district court found Bailot's complaint lacking in at least two respects: it insufficiently set out the district court's jurisdiction, and it failed to include a statement showing relief was warranted. The district court did not abuse its discretion in making these findings.

Regarding the statutory authority for jurisdiction, the original complaint stated it was based on "Civil Rights and Employment," and her amended complaint stated it was based on "Federal Congress 18 USC 1622; 14th Amendment Rights; Title VII Civil Rights Act of 1964; FDCPA 15 USC 1692."

---

[2](...continued)
the plaintiff's complaint set forth a claim for which she was entitled to relief.

As the district court found, Bailot cannot bring a claim under 18 U.S.C. § 1622, which is a criminal statute, and she completely failed to explain her Fourteenth Amendment claims. The district court also determined, however, that Bailot could have been seeking jurisdiction under Title VII for employment discrimination or under the Fair Debt Collection Practices Act (FDCPA). Those legal conclusions were not an abuse of discretion.

Considering the rest of Bailot's complaint in light of Title VII and the FDCPA, the district court concluded the complaint still failed to set forth a short and plain statement of the claims for relief. After careful examination of the record, we find this conclusion was not an abuse of discretion. The complaint did little to connect the facts alleged with any cause of action, nor did it indicate how the defendants are responsible for the behavior described. "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). Bailot's complaint failed in that regard.

Bailot requests we allow her to proceed in forma pauperis on appeal. "A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the district court . . . certifies that the appeal is not taken in good faith." FED. R. APP. P. 24(a)(3)(A); *see also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is

not taken in good faith.").  The district court in this case certified that the appeal was not taken in good faith, because Bailot failed to show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). We can discern no error in this conclusion.

For the foregoing reasons, we AFFIRM the district court's dismissal of Bailot's complaint.  Furthermore, Bailot's motion for leave to proceed in forma pauperis on appeal is DENIED.  She is required to immediately make full payment of her appellate filing fees.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge
