FILED
United States Court of Appeals
Tenth Circuit

May 9, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LATYSHA D. TEMPLE,

    Defendant-Appellant.

No. 12-3034
(D.C. Nos. 2:11-CV-02471-JWL and
2:07-CR-20168-JWL-20)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Latysha Temple, a federal prisoner appearing pro se,[1] seeks a certificate of

appealability ("COA") to challenge the district court's order denying her 28 U.S.C.

§ 2255 petition to vacate, set aside, or correct her sentence. *See* 28 U.S.C.

§ 2253(c)(1)(B) (requiring a COA to appeal a "final order in a proceeding under section

2255"). Ms. Temple also seeks leave to proceed *in forma pauperis*. Exercising

---

    *This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [1]Because Ms. Temple is proceeding pro se, we construe her pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

jurisdiction under 28 U.S.C. § 1291, we deny both requests and dismiss this matter.

## I.    BACKGROUND

In 2009, a jury found Ms. Temple guilty of conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), (b)(1)(A)(iii), and 846. *See United States v. Temple*, 433 F. Appx. 630, 631 (10th Cir. 2011). She was sentenced to 151 months in prison and five years of supervised release.

Ms. Temple appealed her conviction and sentence, raising five issues. She argued that (1) the trial court erred in admitting wiretap evidence; (2) venue in the District of Kansas was improper; (3) the jury received an improper instruction that Ms. Temple could be convicted as an aider and abettor; (4) the evidence was insufficient to support her conviction; and (5) the district court erred in applying sentencing enhancements for possession of a firearm and obstruction of justice. *Id.* at 632-36. This court rejected Ms. Temple's claims and affirmed her conviction and sentence. *Id.* at 636.

On August 18, 2011, Ms. Temple filed a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. On December 16, 2011, the district court denied her § 2255 petition and concluded she was not entitled to a COA.

From Ms. Temple's § 2255 petition, the district court identified three claims of ineffective assistance of counsel, as well as five claims identical to the issues Ms. Temple had pursued on direct appeal. The court rejected Ms. Temple's claims of ineffective assistance of counsel, explaining that she had not demonstrated in one claim that her

-2-

attorney's performance was deficient, as required by *Strickland v. Washington*, 466 U.S. 668 (1984), and that the record directly contradicted her two other ineffective-assistance claims. The district court further rejected the five claims Ms. Temple had pursued on direct appeal, concluding that they were procedurally barred.

## II.    DISCUSSION

Ms. Temple now seeks a COA to challenge the district court's order denying her § 2255 petition. She has identified three issues in her application: (1) the trial court erred when it admitted wiretap evidence; (2) the evidence was insufficient to support her conviction; and (3) the jury received an improper instruction that Ms. Temple could be convicted as an aider and abettor.[2]

"The issuance of a COA is a jurisdictional prerequisite to an appeal from the denial of an issue raised in a § 2255 motion." *United States v. Gonzalez*, 596 F.3d 1228, 1241 (10th Cir. 2010); *see also* 28 U.S.C. § 2253(c)(1)(B). If the district court's decision rested on procedural grounds, we will issue a COA only if the applicant "demonstrate[s] both that 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (emphasis added) (quoting *Slack v.*

---

[2]Ms. Temple's application includes another issue that refers to "attachments" and contains no argument. Although we construe Ms. Temple's filing liberally, we cannot determine the substance of this issue and cannot act as her advocate. *See Merryfield v. Jordan*, 584 F.3d 923, 924 n.1 (10th Cir. 2009).

*McDaniel*, 529 U.S. 473, 484 (2000)). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

Because Ms. Temple seeks a COA on issues that were disposed of in her direct appeal and that the district court on § 2255 review rejected as procedurally barred, we conclude that the district court's decision is not subject to reasonable debate. "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255." *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989); *see also United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994). This court disposed of all three of Ms. Temple's issues in her direct appeal. *See Temple*, 433 F. Appx. at 632-33 (legality of the wiretaps), 633-34 (aiding and abetting jury instruction), and 634 (sufficiency of the evidence).

Ms. Temple has not argued that a change in the law has occurred, and she has not challenged the district court's procedural ruling. Accordingly, we conclude that the district court was correct that a plain procedural bar applied to the issues Ms. Temple raised in her petition. Thus, a reasonable jurist could not conclude that the district court erred in dismissing Ms. Temple's § 2255 petition or that she should be allowed to proceed further. *See Slack*, 529 U.S. at 484.

## III. CONCLUSION

For the foregoing reasons, we deny Ms. Temple's request for a COA, deny her

motion for leave to proceed *in forma pauperis*, and dismiss this matter.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge