**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 19, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DUSTIN J. MERRYFIELD,

      Plaintiff-Appellant,

v.

DON JORDAN, Secretary of Kansas
SRS, in his official capacity; MARK
SCHUTTER, Superintendent, Larned
State Hospital, in his official capacity;
BRENDA W. HAGERMAN, Legal
Counsel for Larned State Hospital, in
her official capacity; LEO HERMAN,
SPTP Policy Director, Larned State
Hospital, in his official capacity;
AUSTIN DESLAURIERS, SPTP
Clinical Director, Larned State
Hospital, in his official capacity,

      Defendants-Appellees.

No. 09-3002

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 5:07-CV-3289-SAC)**

---

Submitted on the briefs:[*]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Dustin J. Merryfield, Pro Se.

Danny J. Baumgartner, Department of Social and Rehabilitation Services, Topeka, Kansas, for Defendants-Appellees.

Before **LUCERO**, **BALDOCK**, and **MURPHY**, Circuit Judges.

**BALDOCK**, Circuit Judge.

Appearing pro se, Dustin J. Merryfield appeals from the district court's sua sponte dismissal of his action.[1] Exercising jurisdiction under 28 U.S.C. § 1291, we affirm for substantially the same reasons stated by the district court. Further, we hold that Mr. Merryfield, who was civilly committed under the Kansas Sexually Violent Predator Act, Kan. Stat. Ann. §§ 59-29a01 to 59-29a22 (KSVPA), is not a "prisoner" within the meaning of the Prison Litigation Reform Act of 1995 (PLRA), *see* 28 U.S.C. § 1915(h), and therefore his application to proceed on appeal *in forma pauperis* (*ifp*) is not subject to the fee provisions applicable to "prisoners" set forth in 28 U.S.C. § 1915.

---

[1] We construe Mr. Merryfield's pro se pleadings and other papers liberally, but "we do not assume the role of advocate[,]" and his pro se status does not relieve him of his "obligation . . . to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotation omitted).

## I. Background

After his commitment under the KSVPA, Mr. Merryfield was placed in the Sexual Predator Treatment Program (SPTP) at Larned State Hospital (Larned) in Larned, Kansas. He filed this civil rights action under 42 U.S.C. § 1983 asserting a variety of claims against defendants in their official capacity relating to the conditions of his involuntary confinement at Larned and his treatment there. He sought declaratory and injunctive relief. He also filed motions to proceed *ifp* and to submit additional evidence, and for a restraining order, a temporary injunction, and the appointment of counsel.

The district court granted his *ifp* motion and examined his initial, sixty-six-page complaint under the screening mechanism inherent in 28 U.S.C. § 1915. In a lengthy and detailed order, the court identified a number of claims. We summarize those that Mr. Merryfield has sufficiently addressed in this appeal to permit review as follows: (1) his treatment was inadequate to secure his eventual release; (2) his placement in an intensive treatment unit violated substantive and procedural due process; (3) he was denied access to the courts; (4) Larned's grievance and disciplinary processes are constitutionally deficient; (5) he received inadequate medical and dental care; (6) he was unconstitutionally restrained; (7) his visitation and mail rights were violated; (8) he was subject to invasions of his privacy and to unconstitutional searches of his room and person; and (9) under the federal Constitution's Equal Protection Clause, civilly

committed SVPs are entitled to treatment and conditions of confinement that meet or exceed those of prisoners in the Kansas Department of Corrections (KDOC).[2] He requested the court to order his immediate release and to otherwise order defendants to bring the SPTP into compliance with constitutional standards.

The district court concluded that the complaint had a number of deficiencies, including that many of the claims lacked sufficient factual allegations and that Mr. Merryfield failed to allege either a constitutional violation, *see, e.g.*, *West v. Atkins*, 487 U.S. 42, 48 (1988), actual injury, or that there were any continuing adverse effects from his past exposure to allegedly illegal conduct, which is required for prospective equitable relief under *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). The court also found parts of several claims to be frivolous. As to one claim regarding a specific disciplinary action that allegedly violated Mr. Merryfield's procedural due process rights, the court concluded that not only did the claim lack sufficient factual detail, but the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), barred consideration of it because a claim regarding the same disciplinary action was

---

[2]    In his opening brief, Mr. Merryfield states that his other issues "are important but are small in comparison to the issues fully detailed herein," and that "with impunity . . . [he] asserts that these minor issues were presented to the Federal District Court as well as the other issues." Aplt. Br. at unnumbered p. 18. We conclude that he has waived these other issues due to a wholesale lack of reasoned argument. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived.").

pending before a Kansas state court. The district court also concluded that any implicit challenge to the constitutionality of the KSVPA was foreclosed by *Kansas v. Hendricks*, 521 U.S. 346 (1997), and that the sole remedy for Mr. Merryfield's request for release from confinement was a petition for a writ of habeas corpus under 28 U.S.C. § 2254. As to his equal protection challenge, the court concluded that Mr. Merryfield failed to state a claim on which relief could be granted because he is not similarly situated to KDOC prisoners, none of the privations of which he complained involved a fundamental right, and he alleged no facts indicating that any restrictions are not rationally related to a legitimate governmental objective or are irrational or arbitrary.

In light of these problems, the court ordered Mr. Merryfield to file an amended complaint curing the deficiencies and warned him that the failure to do so could result in dismissal of his case without further notice. The court denied his motions for temporary injunctive relief and the appointment of counsel, but granted his motion to submit additional evidence.

Mr. Merryfield responded with a lengthy amended complaint alleging similar claims. Despite some additional factual allegations, the district court concluded that Mr. Merryfield failed to correct the deficiencies in the original complaint. Relying largely on the comprehensive analysis of its first order, the court dismissed the action, evidently under the directive of 28 U.S.C.

§ 1915(e)(2)(B)(i) and (ii).[3]  The court granted Mr. Merryfield permission to proceed *ifp* on appeal.

## II. Discussion

In this appeal, Mr. Merryfield formally presents two issues for review: whether he stated sufficient facts to show a constitutional violation and whether he is entitled to at least those rights afforded to KDOC prisoners.  In his brief, he has provided only conclusory arguments, lists of cases without an explanation of how they support those arguments, and citations to voluminous exhibits without any reference to specific page numbers or explanation of how the information contained in them supports his arguments.  By submitting such deficient briefing, Mr. Merryfield comes perilously close to forfeiting his right to appellate review. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005) (discussing similar failure to comply with applicable procedural rules). Nonetheless, we have reviewed the record and the applicable legal authorities de novo, *see Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999), and having done so, we affirm the dismissal of Mr. Merryfield's action for substantially the same reasons stated by the district court in its orders filed February 26, 2008, R., Doc. 8, and December 17, 2008, *id.*, Doc. 15.

---

[3]     Section 1915(e)(2)(B)(i) and (ii) require a court to dismiss a case filed by an *ifp* litigant at any time "the court determines that . . . the action or appeal . . . is frivolous [or] fails to state a claim on which relief may be granted."

We now must consider a collateral matter, whether Mr. Merryfield is subject to the *ifp* fee provisions of the Prison Litigation Reform Act. In relevant part, the PLRA provides that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). And while a nonprisoner may be completely excused from prepayment of fees or security, *see id.* § 1915(a), a prisoner must pay an initial partial filing fee if he has sufficient funds in his prisoner trust fund account, *see id.* § 1915(b)(1). Thereafter, each time the average monthly balance in the prisoner's account exceeds ten dollars, the custodial agency must forward a further partial payment to the court in satisfaction of the filing fee until it is paid in full. *Id.* § 1915(b)(2). Thus, the *ifp* statute draws several distinctions between prisoners and nonprisoners, and the relevant inquiry is whether Mr. Merryfield, as an individual committed under the KSVPA, was a "prisoner" within the meaning of the PLRA when he filed this action. This is a matter of first impression in this circuit. *See Ruston v. Church of Jesus Christ of Latter-Day Saints*, 304 F. App'x 666, 668 (10th Cir. 2008) (unpublished) (recognizing that "we have never squarely decided" whether civilly committed "mental patients" are prisoners under the PLRA).

The PLRA defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole,

-7-

probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Although it appears from the record that Mr. Merryfield was previously incarcerated for a criminal violation, his civil commitment and detention are not the result of a "violation[] of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *Id.* Rather, they are due to a finding that he poses a future danger due to a mental abnormality or personality disorder. *See* Kan. Stat. Ann. § 59-29a02(a) (defining "[s]exually violent predator" as "any person who has been convicted of or charged with a sexually violent offense and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in repeat acts of sexual violence"). Other circuit courts have unanimously concluded that individuals who are civilly committed are not "prisoners" within the meaning of the PLRA. *See Michau v. Charleston County*, 434 F.3d 725, 727 (4th Cir. 2006) (holding that civil detainee under South Carolina's Sexually Violent Predator Act was not a prisoner under the PLRA); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (holding that civil detainee awaiting a hearing to determine commitment under Florida's sexually violent predator act was not a prisoner under the PLRA); *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001) (holding that inmate held at mental institution pursuant to a finding that he was not guilty by reason of insanity was not a prisoner within the meaning of the PLRA); *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (concluding that civil detainee under California's Sexually

Violent Predators Act was not a prisoner under the PLRA). We find the analysis in these cases persuasive with respect to the KSVPA. Moreover, Mr. Merryfield's commitment was pursuant to the KSVPA, a process the Supreme Court has said is "civil in nature," not criminal. *Hendricks*, 521 U.S. at 369. Accordingly, we hold that the fee payment provisions of § 1915 applicable to a "prisoner," as defined by § 1915(h), do not apply to those civilly committed under the KSVPA. We express no opinion as to the applicability of PLRA's fee payment provisions to other types of civil commitments.

The district court granted Mr. Merryfield's applications to proceed *ifp* both in the district court and on appeal. In granting his motion to proceed *ifp* on appeal, the court added that "once plaintiff's two prior district court filing fee obligations have been satisfied, payment of the full appellate court filing fee in this matter of $455.00 is to be collected through monthly payments from his institution account as provided under 28 U.S.C. § 1915(b)(2)." R, Doc. 22, at 1 n.1. Because this mechanism of collection applies only to a litigant who is a "prisoner" within the meaning of the PLRA, and we have concluded that Mr. Merryfield is not a "prisoner," we vacate the district court's order to the extent that it imposes partial payments of the appellate filing fee under § 1915(b)(2), and we instruct the district court to reconsider any previous assessments that may have been imposed on Mr. Merryfield while detained under the KSVPA.

**Conclusion**

The judgment of the district court is AFFIRMED. We vacate the district court's order filed January 13, 2009, R., Doc. 22, to the extent it imposes partial payments of the appellate filing fee under 28 U.S.C. § 1915(b)(2). We further direct the district court to reconsider any previous fee assessments that may have been imposed on Mr. Merryfield while he was detained under the KSVPA.