**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 16, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

VICTORIA SETHUNYA,

        Plaintiff-Appellant,

v.

WEBER STATE UNIVERSITY; ANN
MILLNER; JAN WINNIFORD;
RICHARD HILL; MORTEZA
EMAMI; KAREN GARCIA;
JEFFREY HURST; JOHN ALLRED;
MARK SIMPSON; CHRISTOPHER
REVIERA; BRET ELLIS,

        Defendants-Appellees.

No. 09-4218
(D.C. No. 1:08-CV-00163-DAK)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **TYMKOVICH**, and **GORSUCH**, Circuit
Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Victoria Sethunya, appearing pro se, appeals the district court's dismissal of her complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Our jurisdiction arises under 28 U.S.C. § 1291, and we AFFIRM.

The parties are familiar with the facts and procedural history of this case, the district court detailed both, *Sethunya v. Weber State Univ.*, No. 1:08-cv-163 DAK, 2009 WL 3460303, *1 (D. Utah Oct. 21, 2009) (unpublished), and we need not restate that material here. Suffice it to say that Ms. Sethunya, who is from Lesotho, Africa, sued Weber State University (WSU) and several WSU employees, after an alleged computer glitch caused her name to be removed from WSU's international student list. In her amended complaint, she raised numerous state law and constitutional violations stemming from her "legal status to be a student in the US . . . accidentally [being] taken away." R., Vol. I at 55, ¶ 75a.(ii). WSU filed a motion to dismiss pursuant to Rule 12(b)(6), and the WSU employees (hereinafter the "individual defendants") filed a motion to dismiss pursuant to Rules 12(b)(1) and (6).

The case was referred to a magistrate judge, 28 U.S.C. § 636(b)(1)(B), who recommended granting the defendants' motions. Specifically, the magistrate judge determined (1) that WSU is an arm of the state of Utah and immune from suit under the Eleventh Amendment; (2) that *Ex Parte Young*, 209 U.S. 123, 159-60 (1908), is inapplicable to Ms. Sethunya's claim against WSU for prospective injunctive relief; (3) that Ms. Sethunya's constitutionally-based

discrimination claim fails as a matter of law because she did not allege that any of the individual defendants discriminated against her; and (4) that her cruel-and-unusual-treatment claim against the individual defendants fails as a matter of law because an Eighth Amendment claim "may only be asserted against 'prison officials and those to whom they delegate penological responsibilities for prisoners.'" *Sethunya*, 2009 WL 3460303, *3 (quoting *Smith v. Cochran*, 339 F.3d 1205, 1213 (10th Cir. 2003)). The magistrate judge also determined that the district court did not have subject matter jurisdiction over Ms. Sethunya's state law claims against the individual defendants because her notice of claim, *see* Utah Code Ann. § 63G-7-401, did not name any of the individual defendants or contain allegations against any of them. Next, the magistrate judge concluded (apparently in the alternative) that even if Ms. Sethunya had properly named the individual defendants, the court lacked subject matter jurisdiction over her negligence and intentional-infliction-of-emotional-distress claims because her notice of claim for these two causes of action was untimely. And finally, the magistrate judge found that because Ms. Sethunya's amended complaint did not indicate when allegedly libelous and defamatory statements were made, it was impossible to determine whether her notice of claim for libel and defamation was timely. Thus, "[b]ecause [Ms. Sethunya's] claims against WSU and the individual defendants [we]re deficient," the magistrate judge recommended "that

WSU's and the individual defendants' motions to dismiss be granted." *Sethunya*, 2009 WL 3460303, *4 (footnote omitted).

After de novo review of Ms. Sethunya's objections to the report and recommendation, the district court "approve[d] and adopte[d] [it] in its entirety." R., Vol. I at 470. This appeal followed.

Liberally construing Ms. Sethunya's pro se appellate filings, *see Merryfield v. Jordan*, 584 F.3d 923, 924 n.1 (10th Cir. 2009), she—as best we can discern—(1) takes issue with the district court's determination that WSU is immune from suit under the Eleventh Amendment; (2) raises First and Fourteenth Amendment claims; (3) raises consumer fraud and false advertising claims; (4) challenges the district court's determination that "other motions filed in connection with the motion to dismiss are . . . MOOT," R., Vol. I at 470; (5) contends that she is entitled to monetary and non-monetary relief for damages inflicted by defendants; (6) asserts that "the university violated enrollment law," Aplt. Opening Br. at 7; (7) alleges WSU violated her due process and equal protection rights; (8) seeks "her US Immigration Status" from the Tenth Circuit, *id.* at 10; (9) contends "[t]here is no other race affected and continuing to be affected by 'computer errors,'" *id.* at 11; (10) asserts that the district court judge should have recused and the Utah Attorney General's Office has a conflict of interest; (11) takes issue with the district court's determination that her notice of claim was untimely; (12) contends that WSU and the individual defendants engaged in a conspiracy to

avoid penalties under 18 U.S.C. § 1546 (fraud and misuse of visas, permits, and other documents); (13) contends that WSU and the individual defendants "engaged in a scheme to defraud," Aplt. Opening Br. at 16, in violation of 18 U.S.C. § 371; and (14) complains that the district court "did not look at all of the documents [she] submitted," Aplt. Opening Br. at 23.

"Eleventh Amendment immunity is a question of federal law and our review is de novo." *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007). We also review de novo a district court's grant of a motion to dismiss where dismissal was requested pursuant to either Rule 12(b)(1) or 12(b)(6). *See Colo. Envtl. Coal. v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004).[1]

Having reviewed the briefs, the record, and the applicable law pursuant to the above-mentioned standards, we hold that Ms. Sethunya has failed to identify any reversible error in this case. We therefore AFFIRM the judgment of the

---

[1]     In reviewing the district court's dismissal pursuant to Rule 12(b)(6), we assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Conclusory allegations are not enough to withstand a motion to dismiss.

*Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) (citations and quotation omitted).

district court for substantially the same reasons set forth in the magistrate judge's report and recommendation.[2]

Entered for the Court

Mary Beck Briscoe
Chief Circuit Judge

---

[2]     To the extent Ms. Sethunya's opening brief raises arguments that were not presented to the district court, those arguments are waived on appeal. *See D.L. v. Unified Sch. Dist. No. 497*, 596 F.3d 768, 775-76 (10th Cir. 2010).