FILED
United States Court of Appeals
Tenth Circuit

May 20, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MYOUN L. SAWYER,

      Plaintiff - Appellant,

v.

SHAWN SULLIVAN; THOMAS
KINLEN; RICKY GOULD; LESLEY
ADAMS; VERONIQUE A.; MARK K.,

      Defendants - Appellees.

No. 13-3331
(D.C. No. 5:13-CV-03201-SAC)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Myoun L. Sawyer, proceeding pro se, appeals the district court's dismissal of

his civil rights action brought under 42 U.S.C. § 1983.[1] Mr. Sawyer, who also seeks

leave to proceed on appeal without prepayment of his appellate costs and fees (IFP),

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]     We liberally construe Mr. Sawyer's pro se materials but do not act as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

was civilly committed at Larned State Hospital when he filed this appeal.[2]  In his complaint, Mr. Sawyer alleged that another patient at the hospital assaulted him with a padlock that staff members had inadequately secured.  Mr. Sawyer asserted his Eighth Amendment rights were violated because staff members "were responsible for unlocking the padlock from off [a] refrigerator door and allowing the other patient access to the padlock."  Aplt. App., Vol. 1 at 4.

On its initial screening review, the district court dismissed the case, ruling that Mr. Sawyer's allegations failed to state an Eighth Amendment claim.  The court explained that an Eighth Amendment claim must satisfy both objective and subjective components:  the objective element requires a sufficiently serious deprivation, while the subjective component requires the defendant-official to "be 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists[,] and . . . also draw the inference.'"  *Id.* at 12 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  The district court concluded that Mr. Sawyer failed to satisfy the subjective prong because his allegations suggested, at most, mere negligence, which "is insufficient to state a claim for relief under § 1983."  *Id.* at 13 (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("liability for

---

[2]    The district court granted Mr. Sawyer IFP status, and on March 6, 2014, we entered a preliminary order assessing partial fee payments.  At the time he filed this appeal, however, Mr. Sawyer was not a prisoner, so this appeal is not subject to the fee payment provisions of 28 U.S.C. § 1915(b) or the three-strikes provision of § 1915(g).  *See Merryfield v. Jordan*, 584 F.3d 923, 927 (10th Cir. 2009).  We therefore vacate our March 6, 2014 order assessing partial fee payments.

negligently inflicted harm is categorically beneath the threshold of constitutional due process")).

We review the district court's dismissal de novo, *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001), and agree that Mr. Sawyer failed to satisfy the subjective component of his deliberate indifference claim, *see Blackmon v. Sutton*, 734 F.3d 1237, 1244 (10th Cir. 2013) ("the defendant-official must know of and disregard an excessive risk to inmate health or safety" (internal quotation marks and brackets omitted)). Mr. Sawyer's allegations do not indicate that hospital staff knew of and disregarded any risk of harm; instead, they indicate, at most, that staff members were negligent in securing the lock. But as the district court recognized, mere negligence is not enough to establish deliberate indifference. *See Farmer*, 511 U.S. at 835.

Accordingly, the district court's judgment is affirmed. Mr. Sawyer is granted leave to proceed on appeal IFP, and our order dated March 6, 2014 assessing partial fee payments is vacated.

Entered for the Court


Monroe G. McKay
Circuit Judge

- 3 -