FILED
United States Court of Appeals
Tenth Circuit

July 25, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

ROBERT S. OLDS; BONNIE L. OLDS,

    Plaintiffs - Appellants,

v.

BANK OF AMERICA, N.A.,

    Defendant - Appellee.

No. 13-1395
(D.C. No. 1:12-CV-03210-REB-BNB)
(D. Colorado)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **MCKAY**, and **MATHESON**, Circuit Judges.

_____

    Plaintiffs Robert S. and Bonnie L. Olds appeal the judgment against them in their

suit against Defendant Bank of America, N.A.  Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm because Plaintiffs waived appellate review.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Plaintiffs' amended complaint alleged that Defendant misled them into thinking that the mortgage on their (second) home was being reviewed for a modification (apparently under the Home Affordable Modification Program, *see Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 228 (1st Cir. 2013)), while it simultaneously sold the home in foreclosure. They claimed entitlement to relief under Section 5 of the Federal Trade Commission Act (FTC Act), 15 U.S.C. § 45(a). Defendants moved to dismiss the amended complaint on several grounds, including failure to state a claim. It argued that there is no private cause of action under the FTC Act, and that insofar as Plaintiffs were attempting to allege a common-law fraud claim, the claim failed to satisfy the requirement of Fed. R. Civ. P. 9(b) that the elements of a fraud claim be alleged with particularity. In their response, Plaintiffs continued to rely on the FTC Act and mentioned the Colorado Consumer Protection Act (CCPA) (but without describing its elements or how those elements had been alleged). The response left uncertain whether they were pursuing a claim of common-law fraud.

On June 20, 2013, a magistrate judge in the United States District Court for the District of Colorado recommended that the complaint be dismissed because there is no private right of action under the FTC Act and any other claims were unintelligible. Plaintiffs did not object to the recommendation within 14 days of service of the magistrate judge's recommendation, as required by 28 U.S.C. § 636(b)(1). Although on July 19 they requested an extension of time, they provided no reason for the request. The district court denied the request because it was not timely and Plaintiffs had not shown

2

excusable neglect to justify an extension of time, as required by Fed. R. Civ. P.

6(b)(1)(B) for postdeadline requests for extension. The district court adopted the

magistrate judge's recommendation and closed the case on September 11. Plaintiffs

appeal the dismissal of their complaint.

I.    ANALYSIS

A party "waives appellate review of both factual and legal questions" when the

"party fails to object to the findings and recommendations of the magistrate [judge]."

*Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (internal quotation marks

omitted). This waiver is excused, however, "when (1) a *pro se* litigant has not been

informed of the time period for objecting and the consequences of failing to object, or

when (2) the interests of justice require review." *Id.* (internal quotation marks omitted).

Plaintiffs argue that the appellate waiver should not apply because they did not

know that objecting was the last opportunity to appeal and because Mr. Olds's health

conditions prevented them from responding to the magistrate judge's recommendations.

They also complained that they had not consented to the magistrate judge's jurisdiction in

this case under 28 U.S.C. § 636(c).[1]

---

[1] Plaintiffs opening brief mentions the "Fraud Enforcement and Recovery Act," probably referring to the Fraud Enforcement and Recovery Act of 2009, Pub. L. No. 111-21, 123 Stat. 1617. This Act was not mentioned in the complaint and we do not address it.

Plaintiffs' first argument is unfounded because the magistrate judge's recommendation clearly informed them that they had 14 days to object and that the failure to do so would result in an appellate waiver.[2] *See Duffield*, 545 F.3d at 1237–38.

Plaintiffs' second argument might support relief under the interests-of-justice exception. *See id.* at 1238. But Plaintiffs did not argue to the district court that Mr. Olds's health had prevented a timely response to the recommendation, and this court does not grant relief based on factual allegations that were not developed in the lower court.

We also note that we could not grant interests-of-justice relief on the ground that the district court committed plain error. *See id.* (existence of plain error can justify appellate review in the interests of justice). The district court correctly ruled that there is no private right of action under the FTC Act. *See Am. Airlines v. Christensen*, 967 F.2d 410, 414 (10th Cir. 1992). And if Plaintiffs wished to bring any other claim, such a claim was not intelligible, much less plausible, in their amended complaint. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (claim must be plausible). In particular, the

---

[2] The recommendation contained the following language:

> Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, and also waives appellate review of both factual and legal questions. A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.

R. at 318 n.4 (citations omitted).

amended complaint says nothing about the CCPA, and if Plaintiffs were attempting to state a common-law fraud claim, they utterly failed to satisfy the Rule 9(b) requirement that they allege how they relied to their detriment on Defendant's alleged false statements. Although a pro se litigant's pleadings are construed liberally, we do not act as the litigant's advocate. *See Merryfield v. Jordan*, 584 F.3d 923, 924 n.1 (10th Cir. 2009).

Finally, there was no need for Plaintiffs to consent to the magistrate judge's jurisdiction under 28 U.S.C. § 636(c). The magistrate judge was acting under 28 U.S.C. § 636(b), not § 636(c), so the magistrate judge was not ruling on Defendant's motion but only offering the district judge a recommendation.

## II.    CONCLUSION

We AFFIRM the district court's dismissal of the complaint.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

5