**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 25, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ALLAN QUIGLEY,

     Plaintiff - Appellant,

v.

SPORTING KANSAS CITY SOCCER
CLUB; ANDREA KIMBALL; CLIFFORD
ILLIG; PAT CURRAN; GREG MADAY;
ROBB HEINEMAN,

     Defendants - Appellees.

No. 19-3164
(D.C. No. 2:19-CV-02273-DDC-JPO)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **PHILLIPS**, and **CARSON**, Circuit Judges.
_____

Allan Quigley, proceeding pro se, filed a lawsuit against Sporting Kansas City

Soccer Club ("Sporting KC") and five individuals in connection with his termination

from employment. A magistrate judge screened the complaint under 28 U.S.C.

§ 1915(e)(2) and recommended that the action be dismissed for lack of subject-matter

jurisdiction. The district court adopted the recommendation and dismissed the action

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under Fed. R. Civ. P. 12(h)(3), concluding that federal-question jurisdiction was not implicated because Quigley had raised only state-law tort claims and that there was not complete diversity of parties for purposes of diversity jurisdiction. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

## DISCUSSION

Quigley contends the district court erred in dismissing his action for lack of subject-matter jurisdiction. We disagree.

### I. Standard of Review

"We review the district court's order dismissing the case for lack of subject matter jurisdiction de novo." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) (internal quotation marks omitted). In light of Quigley's pro se status, we construe his filings liberally. *See Merryfield v. Jordan*, 584 F.3d 923, 924 n.1 (10th Cir. 2009). "[B]ut we do not assume the role of advocate, and his pro se status does not relieve him of his obligation to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Id.* (alterations and internal quotation marks omitted).

### II. Subject-Matter Jurisdiction

"[B]ecause the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden

---

[1] Although the dismissal was without prejudice, the "order expressly and unambiguously dismisse[d] [Quigley's] entire action," and thus, the "order is final and appealable." *Moya v. Schollenbarger*, 465 F.3d 444, 450 (10th Cir. 2006).

2

of proof." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013).

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for 'federal-question' jurisdiction, § 1332 for 'diversity of citizenship' jurisdiction." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) (brackets omitted).

The district court first concluded that Quigley's complaint offered no basis for federal-question jurisdiction, and Quigley has not argued otherwise. *See Phillips v. Humble*, 587 F.3d 1267, 1274 (10th Cir. 2009) (recognizing issues not raised on appeal are deemed waived). The district court next found that Quigley's complaint failed to establish diversity jurisdiction. For "diversity jurisdiction, a party must show that complete diversity of citizenship exists between the adverse parties." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (internal quotation marks omitted). "Complete diversity is lacking when any of the plaintiffs has the same residency as *even a single defendant*." *Id.* (emphasis added).

Quigley alleged in his complaint that: (1) he was a citizen of Missouri; (2) "[t]he first-named defendant," Andrea Kimball, was a citizen of Missouri; and (3) "[t]he second-named defendant," Sporting KC, was a Kansas corporation. R. at 4. He did not allege any facts showing the other defendants' citizenship. In response to the magistrate judge's report and recommendation, Quigley alleged Kimball was "not on the Defenant [sic] list" and was "actually a witness." *Id.* at 13-14. But he again referred to Kimball as a "defendant" and confirmed both he and Kimball were Missouri residents. *Id.* at 13. Moreover, Quigley added that defendant Clifford Illig

3

was a Kansas resident, but he provided no information about the citizenship of the other named defendants, including Pat Curran, Greg Maday, and Robb Heineman. Quigley makes the conclusory statement in his appellate brief that these defendants "live in Kansas." Aplt. Opening Br. at 6. But he made no such allegation in district court, and "[t]his court . . . will not supply additional factual allegations to round out a plaintiff's complaint." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

Ultimately, Quigley has provided no factual or legal basis to conclude that the district court erred in finding a lack of complete diversity necessary for diversity jurisdiction. Accordingly, we affirm the district court.

## CONCLUSION

The district court's judgment is affirmed.

Entered for the Court

Gregory A. Phillips
Circuit Judge

4