**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 25, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

DUSTIN J. MERRYFIELD,

    Plaintiff - Appellant,

v.

KELSEY FLEET; JASON JESTER; XAN
BOWERSOX; PAM MIDDLETON;
ELIZABETH KELLER; DAPHNE
NOREZ; REBECCA FARR; KERI
APPLEQUIST; LINDA KIDD; KRISTINA
ROSE; SHARON SURFACE; SETH
OSBORN; CHRISTINE MOHR;
GABRIEL ROP; LAURA HOWARD;
STATE OF KANSAS,

    Defendants - Appellees,

and

JANE AND/OR JOHN DOES,

    Defendants.

No. 24-3070
(D.C. No. 5:23-CV-03041-TC-TJJ)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

Before **MATHESON**, **BALDOCK**, Circuit Judges, and **LUCERO**, Senior Circuit Judge.
_____

Dustin Merryfield is a civilly committed detainee under the Kansas Sexually Violent Predators Act ("SVPA"), Kan. Stat. Ann. §§ 59-29a01 to 29a022. Proceeding pro se,[1] he appeals the district court's dismissal of his lawsuit, which alleged claims under 42 U.S.C. § 1983 that various SVPA restrictions violate the First and Fourteenth Amendments. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. **BACKGROUND**[2]

### A. *SVPA and Larned Media Policy*

Under the SVPA, Kansas may involuntarily commit sexually violent predators to state facilities for long-term care and treatment. Mr. Merryfield, committed for more than 20 years, is currently housed at Larned State Hospital ("Larned").

The SVPA provides detainees like Mr. Merryfield certain statutory rights, *see* Kan. Stat. Ann. § 59-29a22(b), such as the right "[t]o receive adequate treatment

_____

[1] Because Mr. Merryfield proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[2] The facts come from Mr. Merryfield's complaint. We take the allegations as true and construe them in the light most favorable to him. *See Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019). We also consider documents referred to in the complaint. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

appropriate for [their] condition," § 59-29a22(b)(3), and the right "[t]o send and receive mail with reasonable limitations," § 59-29a22(b)(15). Rights "may be denied for cause by the superintendent of the facility or the superintendent's designee, or when medically or therapeutically contraindicated as documented by the person's physician, licensed psychologist or licensed master's level psychologist in the person's treatment record." § 59-29a22(c)(1). A detainee who is denied a statutory right must receive notice "in writing of the grounds for withdrawal of the right and shall have the opportunity for a review of the withdrawal of the right in an informal hearing." *Id.*

Larned's media policy includes rules "established to prevent the introduction of sexually explicit material, media that is counter therapeutic to treatment, or other contraband into the facility." R. at 116. The policy prohibits sexually explicit material and commits determinations of appropriateness "to the discretion of the therapist who is assigned to Mr. Merryfield at the time." R. at 20, 23, 24, 25, 27, 28, 30, 33, 35, 42.

## B. *Mr. Merryfield's Complaint*

Mr. Merryfield sued various Kansas state officials under § 1983, alleging violations of the First Amendment, the Fourteenth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection Clause. R. at 18, ¶ C(1)(A)–(D). The 67-page complaint listed 226 requests for declaratory and injunctive relief, "reaching issues not captured by" the complaint. R. at 168 (district court order).

Mr. Merryfield's complaint does not clearly set forth the exact nature and extent of his claims.  He generally alleged "that Defendants choose to deny him some [media] items even though the only requirement under the [SVPA] is that he be denied sexually explicit material.  For example, he requested certain CDs which have not been either approved or denied.  Other times, he received unfavorable decisions." R. at 167 (internal quotation marks, brackets, and citations omitted).  He also asserted that Kansas officials violated his SVPA rights by reading his mail.  *See* R. at 35–40. Beyond that, the complaint is difficult to parse.  For example, although he attempts to challenge SVPA's § 59-29a22 on its face, the complaint does not specify whether the challenge is based on the Due Process Clause, the First Amendment, or both.  The district court faced these limitations.

## C. *District Court Decision*

The Defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).  The district court granted the motion, concluding that the complaint "failed to allege facts that make [Mr. Merryfield's] claims plausible." R. at 169.

### 1. **First Amendment**

The district court rejected Mr. Merryfield's claim that restricting his access to certain media violated the First Amendment.  The court concluded that, although the complaint described Larned's SVPA implementation in detail, it failed to allege facts showing the restrictions were unrelated to legitimate penological interests.  R. at 173 (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987), and *Jones v. Salt Lake Cnty.*,

503 F.3d 1147, 1155-56 (10th Cir. 2007)).  Mr. Merryfield therefore "offer[ed] no facts to suggest that his rights have been improperly curtailed in his case."  R. at 174.

## 2.  Fourteenth Amendment Due Process

The court said Mr. Merryfield did not adequately plead a facial due process challenge to § 59-29a22 because he mentioned it only once in his complaint.  It also said the challenge would otherwise fail because the Supreme Court has held the SVPA "comports with due process requirements." *Kansas v. Hendricks*, 521 U.S. 346, 371 (1997).  *See* R. at 168 n.2.

For the remainder of the due process claims, the court said a state may deprive detainees such as Mr. Merryfield of liberty interests "without implicating procedural due process concerns, unless a deprivation imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  R. at 170 (quoting *Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006), and *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).  Applying the *Sandin*/*Steffey* standard, the court ruled as follows:

First, the court rejected Mr. Merryfield's claim based on delayed SVPA decisions on his media requests.  It quoted *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994): "[D]enying process, however mandatory under state law, [does not] itself deny liberty," and *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983): "Process is not an end in itself."

Second, the court rejected Mr. Merryfield's due process claim about state officials reading his mail.  The SVPA provides that each detainee shall have the right

5

"[t]o send and receive mail with reasonable limitations," including "physical examination and inspection for contraband, as defined by facility rules and policies," *see* § 59-29a22(b)(15); *see also id.* § (b)(15)(B) ("The superintendent of the facility or the superintendent's designee may. . . authorize a member of the facility treatment staff to read the mail . . . ."). Mr. Merryfield asserted this statutory provision "grants [him] the liberty interest to not have his mail read by any staff or other person working in the Kansas Sexual Predator Treatment Program . . . [unless] the facility first complies with [§ 59-29a22(c)] and provides Due Process." R. at 48, ¶ 3. But the court said Mr. Merryfield has "no constitutionally secured liberty interest in forcing Defendants to follow that state-law procedure." R. at 172.

Third, the court rejected Mr. Merryfield's "blanket ban" objections to Larned's restrictions on ownership of certain media, *see* § 59-29a22(c)(2) ("when the facility makes an administrative decision that applies equally to all persons and there is a legitimate governmental reason for the decision, notice of the decision is all that is required"). The court reiterated that without a liberty interest based on atypical and significant hardship, failure to adhere to state procedures does not violate due process.

### 3. Fourteenth Amendment Equal Protection

The district court rejected Mr. Merryfield's "class-of-one" equal protection claim because he could not "identify others similarly situated [to himself] in every material respect." R. at 175 (quoting *Planned Parenthood Ass'n of Utah v. Herbert*, 828 F.3d 1245, 1253 (10th Cir. 2016)). It said Mr. Merryfield's comparators—adult

6

prisoners, juvenile offenders, and federal prisoners—are not detainees and therefore not proper comparators. The court further concluded Kansas had a rational basis to treat sexually violent predators differently from other prisoners.

\*    \*    \*    \*

The district court entered judgment for the Defendants. This appeal followed.

## II. **DISCUSSION**

### A. *Standard of Review*

"We review a district court's grant of a motion to dismiss de novo." *Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022). "Under this standard, we must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (quotations omitted). "A complaint must contain enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. *Legal Background*

#### 1. **First Amendment and Due Process in Institutional Settings**

We review Mr. Merryfield's First Amendment and due process claims against the legal background applicable to his status as an SVPA detainee. In *Turner v. Safley*, 482 U.S. 78, 89 (1987), the Supreme Court held that "when a prison

regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." At the pleading stage, "*Iqbal* and *Turner* require [Mr. Merryfield] to 'plead facts from which a plausible inference can be drawn that the [challenged] action was not reasonably related to a legitimate penological interest.'" *Al-Owhali v. Holder*, 687 F.3d 1236, 1240 (10th Cir. 2012) (quoting *Gee v. Pacheo*, 627 F.3d 1178, 1188 (10th Cir. 2010)). "*Turner* applies to all circumstances in which the needs of prison administration implicate constitutional rights." *Washington v. Harper*, 494 U.S. 210, 224 (1990).

Although Mr. Merryfield is an SVPA civil commitment detainee and not a prison inmate, *Turner* and its progeny apply to his First Amendment claims. Every circuit to address First Amendment challenges to civil commitment policies has applied *Turner*. *See Ahlers v. Rabinowitz*, 684 F.3d 53, 65 (2d Cir. 2012); *Matherly v. Andrews*, 859 F.3d 264, 282 (4th Cir. 2017); *Brown v. Phillips*, 801 F.3d 849, 853–54 (7th Cir. 2015); *Beaulieu v. Ludeman*, 690 F.3d 1017, 1039 (8th Cir. 2012); *Pesci v. Budz*, 730 F.3d 1291, 1298–1230 (11th Cir. 2013).

As for due process claims, in *Sandin* v. Conner, 515 U.S. 472 (1995), the Supreme Court held that a deprivation occasioned by a prison condition or regulation does not implicate a protected liberty interest that would trigger procedural due process protection unless it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484.

Analysis of Mr. Merryfield's First Amendment and due process claims must therefore account for his institutional confinement.

2. **Equal Protection**

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). An equal protection claim may challenge legislation or the conduct of individual state actors. *See J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 130-31(1994). It "may be asserted with respect to a group or a class of one." *A.N. ex rel. Ponder v. Syling*, 928 F.3d 1151, 1196 (quotations omitted).

"The paradigmatic 'class of one' case . . . is one in which a public official, with no conceivable basis for his action other than spite or some other improper motive (improper because unrelated to his public duties), comes down hard on a hapless private citizen." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011) (quotations omitted). "To prevail on this theory, a plaintiff must first establish that others, similarly situated in every material respect[,] were treated differently." *Id.* (quotations omitted). "A plaintiff must then show this difference in treatment was without rational basis, that is, the government action was irrational and abusive, and wholly unrelated to any legitimate state activity." *Id.* (citation and quotations omitted).

C. *Mr. Merryfield's Arguments*

Mr. Merryfield argues he has stated a "valid claim for relief" because the following violate the Constitution: (1) "[Kan. Stat. Ann. § 59-29a22]," Aplt. Opening Br. at 7; (2) "[d]enial of all 'M' rated games," *id.* at 9; (3) "[t]he reading of the mail," *id.* at 10; (4) "[d]enial of all media that lacks an 'industry

9

standard rating,'" *id.* at 12; (5) "[a] class[-]of[-]one claim," *id.* at 13; (6) "[d]enial of [d]ue [p]rocess," *id.* at 16; (7) "[t]he [d]ue [p]rocess [provided to him] is inadequate," *id.* at 18; and (8) "Larned's [h]aving a more egregious definition of sexually explicit," *id.* at 19. As discussed below, arguments 2, 4, and 8 relate to his First Amendment claims; arguments 1, 3, 6, and 7 to his due process claims; and argument 5 to his equal protection claim.

1. **First Amendment – Arguments 2, 4, and 8**

  a. *Denial of "M" rated video games*

In his second argument, Mr. Merryfield asserts the district court inadequately addressed his challenge to Larned's ban on "M" rated video games. But the court considered this claim in rejecting Mr. Merryfield's "blanket ban" argument. R. at 172–73. Under the SVPA, when Larned "makes an administrative decision that applies equally to all persons and there is a legitimate governmental reason for the decision, notice of the decision is all that is required." § 59-29a-22(c)(2). Larned's ban on "M" rated video games was an administrative decision "reasonably related to legitimate penological interests." *Turner*, 482 U.S. at 89.

  b. *Denial of media without "industry standard rating"*

In his fourth argument, Mr. Merryfield asserts the district court "did not enter a ruling as to how denial of media that lacks an industry standard rating[] is not a valid claim for relief." Aplt. Opening Br. at 12. He does not explain where in his complaint or in his response to the motion to dismiss he alleged this claim. He thus has waived this argument on appeal. *See United States v. Cooper*, 654 F.3d 1104,

1128 (10th Cir. 2011) ("It is well-settled that arguments inadequately briefed in the opening brief are waived." (brackets and quotations omitted)).

c.  *Definition of "sexually explicit"*

In his eighth argument, Mr. Merryfield contends that Larned used an overly broad "definition of sexually explicit."  Aplt. Opening Br. at 19.  He asserts that, unlike media for federal and state prison inmates, SVPA restrictions on detainee media need not be limited to material "created for the prurient interest" for a facility to deem it sexually explicit.  He complains that Larned's definition restricts access to media such as *Yellowstone* and *The Rock*.  *Id.* at 19–20.

Mr. Merryfield contends the district court failed to address this argument, but it did.  The court concluded that the challenged policy was  "reasonably related to legitimate penological interests."  R. at 173 (citing *Turner*, 482 U.S. at 89).  The complaint offered no basis to disagree.  Although the complaint described instances in which Larned's policy may not have been consistently applied (such as the prohibition on *Yellowstone* but not on *Law and Order SVU*), the court pointed out that the complaint "offer[ed] no facts to suggest that [the] policy . . . is unrelated to legitimate penological interests."  R. at 173–74.

We agree that the complaint failed to plausibly allege that restricting access to a broad range of sexually explicit media is not reasonably related to the legitimate penological interests of a facility that houses sexually violent detainees.  The complaint needed to do so at the motion to dismiss stage to challenge the policy.  *See Al-Owhali*, 687 F.3d at 1240.

11

2. **Due Process – Arguments 1, 3, 6, and 7**

In his first argument, Mr. Merryfield challenges the district court's conclusion that he did not adequately develop a facial challenge to Kan. Stat. Ann. § 59-29a22. But the district court also determined that, "[e]ven assuming [he] adequately raised" a facial challenge, it would fail because § 59-29a22 can validly apply to him under applicable precedent. R. at 168 n.2 (citing *Hendricks*, 521 U.S. at 371; *Merryfield v. Jordan*, 584 F.3d 923, 924 (10th Cir. 2009)). Because Mr. Merryfield does not address this portion of the district court's conclusion, we affirm. *See Rivero v. Bd. of Regents of Univ. of N.M.*, 950 F.3d 754, 763 (10th Cir. 2020) ("If the district court states multiple alternative grounds for its ruling and the appellant does not challenge all those grounds in the opening brief, then we may affirm the ruling.").[3]

In his third argument, Mr. Merryfield contends that the district court erred in dismissing his claim that state officials deprived him of a due process liberty interest when they read his mail. He asserts this violated § 59-29a22(b)(15). But to state a § 1983 due process claim alleging a violation of state statutory procedure, this assertion is not on its own sufficient. *See Templeman*, 16 F.3d at 371. Because his allegations did no more than this, the district court correctly dismissed this claim.

---

[3] Mr. Merryfield's failure to address the district court's basis for dismissal of his facial challenge would also doom his claim if it was based on the First Amendment. Mr. Merryfield does not show the SVPA facially violates the First Amendment. *See supra* Part II.C.1.a-c.

In his sixth and seventh arguments, Mr. Merryfield asserts the district court "did not enter a ruling as to whether the due process provided was or is adequate and appropriate." Aplt. Opening Br. at 18. But the district court correctly concluded that Mr. Merryfield did not state a claim for a due process violation because a regulation (such as Larned's media policy) implicates due process interests only when it "imposes atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *see also* R. at 170–73. Mr. Merryfield's allegations did not make that showing.

3. **Equal Protection – Argument 5**

Mr. Merryfield asserts in his fifth argument that the district court wrongly dismissed his "class[-]of[-]one" equal protection claim. Aplt Opening Br. at 13. "To prevail on [a] class-of-one theory, a plaintiff must allege and prove (1) that [he] has been intentionally treated differently from others similarly situated and (2) that there is no rational basis for the difference in treatment." *Planned Parenthood*, 828 F.3d at 1253 (quotations omitted). The district court rejected the three comparators Mr. Merryfield offered—adult prisoners, juvenile offenders, and federal prisoners— because they were not sufficiently similar to an SVPA detainee. It also said the state had a rational basis for its treatment of Mr. Merryfield.

We affirm on two grounds.  First, Mr. Merryfield asserts he is similarly situated to these comparators,[4] but he fails to show that the district court erred.  Second, he also asserts "the case never made it past the summary dismissal stage and therefore no discussion or evidence was entered whether or not there is or even could be a rational basis for the disparity in treatment."  Aplt. Opening Br. at 15.  But the district court found a rational basis for treating sexually violent detainees differently from adult, juvenile, or federal prisoners.  *See* R. at 175 ("[E]ven if they did set an appropriate baseline, Merryfield makes no attempt to show that Kansas lacks a rational basis for deviating from that baseline in his case.  There are myriad reasons to treat ordinary prisoners one way and sexually violent detainees another way." (citation omitted)).  He does not challenge this conclusion in his opening brief.  *See Rivero*, 950 F.3d at 763.

## III. **CONCLUSION**

We affirm the judgment of the district court.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[4] Mr. Merryfield also identifies a new class of comparators—other detainees similarly held in "secure confinement" under the SVPA.  Aplt. Opening Br. at 15. But he "did not present this argument before the district court nor did [he] argue for plain error on appeal, so we decline to consider it."  *MVT Servs., LLC v. Great W. Cas. Co.*, 118 F.4th 1274, 1283 n.5 (10th Cir. 2024).