**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GREGORY MAJERSKY,

    Plaintiff - Appellant,

v.

STATE OF COLORADO; KAREN
HUBLER, Magistrate, Denver District
Court of Colorado,

    Defendant - Appellee.

No. 25-1099
(D.C. No. 1:25-CV-00510-LTB-RTG)
(D. Colo.)

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 14, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **EID**, and **CARSON**, Circuit Judges.
_____

Plaintiff Gregory Majersky brought this pro se action under 42 U.S.C. § 1983, claiming that Colorado Magistrate Karen Hubler violated his Fourteenth Amendment rights during child-support proceedings. In addition to naming Magistrate Hubler as a defendant, the complaint also seeks damages from the State of Colorado on a theory

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of vicarious liability.[1] The United States District Court for the District of Colorado dismissed the complaint for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). Majersky timely appealed. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

On June 27 and December 17, 2024, Magistrate Karen Hubler conducted child-support proceedings in Denver, Colorado. During these proceedings Magistrate Hubler allegedly (1) "allowed the Petitioner's claim to utilize imputed income in calculating the change in support for Gregory Majersky," Aplt. App. at 5; (2) "allow[ed] the Petitioner to enter exhibits that did not conform to Colorado rules of evidence," *id.* at 6; and (3) "allowed the Petitioner to enter an expert witness, employed by the Petitioner, to testify as part of deciding change in child support calculations based on imputed income," *id.*

Majersky alleges that these "biased" actions "disproportionately affected" him, *id.*, and that they violated "both state statute and stare decisis without legal justification," *id.* at 5. Accordingly, he claims Magistrate Hubler "infringe[d] upon [his] due process and equal protection rights as guaranteed under the Fourteenth Amendment to the United States Constitution." *Id.* He claims that these violations "result[ed] in the 42 U.S.C. sec 1983 injuries to" him, Aplt. Br. at 2, and he requests monetary damages from Magistrate Hubler and the State of Colorado.

---

[1] We liberally construe Majersky's pro se materials but do not act as his advocate. *See Merryfield v. Jordan*, 584 F.3d 923, 924 n.1 (10th Cir. 2009).

We review de novo a district court's dismissal of claims under the *Rooker-Feldman* doctrine. *See Campbell v. City of Spencer*, 682 F.3d 1278, 1281 (10th Cir. 2012).

The *Rooker-Feldman* doctrine "is a jurisdictional prohibition on lower federal courts exercising appellate jurisdiction over state-court judgments." *Id.* at 1281. It precludes "state-court losers complaining of injuries caused by state-court judgments" from "inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Majersky claims that Magistrate Hubler violated his Fourteenth Amendment rights by misapplying state law during his child-support proceedings, and he seeks damages caused by the resulting judgment. "This is precisely the relief the *Rooker-Feldman* doctrine says lower federal courts are powerless to provide." *Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 750 (10th Cir. 2023). Majersky cannot escape this conclusion by "recast[ing]" his state-court loss as a deprivation of his constitutional rights. *Id.* at 749.

We **AFFIRM** the dismissal of the complaint without prejudice. We **GRANT** Majersky's motion for leave to proceed *in forma pauperis* and **DENY** as moot his motion to proceed on the record and his opening brief.

Entered for the Court


Harris L Hartz
Circuit Judge


3